Daniel, Judge.
 

 The objection, as to the sufficiency of the evidence to prove that the defendant executed the bond, has been abandoned. So likewise has the objection, as to the averment in the declaration, and proof thereof, that Gibson, the plaintiff, was Chairman of the County Court of Guilford. But the defendant insists on his motion in arrest of judgment; because the jury, in rendering their verdict, have said, “ that the conditions of said bond have not been performed, but broken ; .and for the
 
 breaches thereof,
 
 assess the plaintiff’s damages to the sum of one hundred dollarsand have not stated in their verdict for what
 
 breaches
 
 they assessed the damages. The
 
 *29
 
 answer is, we think, very plain. The
 
 breaches
 
 upon which the jury assessed the damages, must necessarily be all the particular
 
 breaches
 
 set out in the declaration. It is not necessary for the jury to particularize the
 
 breaches,
 
 if they find
 
 all
 
 that is charged in the declaration to be true, as there stated. But if the jury should find some of the
 
 breaches
 
 stated in the declaration to be true, as there stated, and others not true, it would then be proper for the jury to particularize the
 
 breaches
 
 on which they assessed the damages. We think there is no ground for a new trial, or to arrest the judgment; and the same is affirmed.
 

 Pjee Cuiuam. Judgment affirmed.